John C. GETREU, Regional Director of the Ninth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board

v.

BARTENDERS AND HOTEL AND RESTAURANT EMPLOYEES UNION, LOCAL 58 OF the HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION AFL-CIO.

Civ. No. 116.

United States District Court
N. D. Indiana,
Hammond Division.
Jan. 19, 1960.

Stanley A. Mestel, N. L. R. B., Washington, D. C., for plaintiff.

Jonas B. Katz, Brown & Gettler, Cincinnati, Ohio, for defendant.

Warren Eggleston, Ball & Eggleston, Lafayette, Ind., Arthur R. Donovan, Kahn, Dees, Donovan, Kahn & Shrode, Evansville, Ind., for Hotel Fowler, Inc.

SWYGERT, Chief Judge.

This cause came on to be heard upon the verified petition of John C. Getreu, Regional Director of the Ninth Region of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10 (*l*) of the National Labor Relations Act, as amended (herein called the Act), 29 U.S.C.A. § 160(*l*), pending the final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondent filed an answer to said petition. A hearing on the issues raised by the petition and answer was duly held on December 18, 1959. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issues, and to argue on the evidence and the law. The Court has fully considered the petition, answer, evidence, arguments, and briefs of counsel. Upon the entire record, the Court makes the following:

Findings of Fact.

1. Petitioner is Regional Director of the Ninth Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about November 30, 1959, Fowler Hotel, Inc. (herein called Fowler Hotel), pursuant to provisions of the Act, filed an amended charge to a charge originally filed with the Board on or about November 24, 1959, alleging that Bartenders and Hotel and Restaurant Employees Union, Local 58 of the Hotel and Restaurant Employees and Bartenders International Union, AFL–CIO (herein called Local 58), a labor organization, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (7), subparagraph (C), of the Act, 29 U.S.C.A. § 158 (b) (7) (C).

3. The aforesaid charge and amended charge were referred to petitioner as Regional Director of the Ninth Region of the Board.

4. Respondent, Local 58, an unincorporated association, is an organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

5. All times material herein, respondent has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

6. Van Orman Fort Wayne Corporation (herein called Van Orman) is engaged in operating and managing a number of non-residential hotels in the States of Indiana and Illinois. The gross annual revenue from Van Orman's operations is in excess of $500,000. In the twelve-month period ending December 1, 1959, Fowler Hotel has purchased goods and materials valued in excess of $25,000 which were shipped to it directly from

740

points and places outside the State of Indiana.

7. On April 26, 1956 the Fowler Hotel, a non-residential hotel, was owned and operated by the Holt Hotel Company. In July, 1958, Fowler Hotel, Inc. purchased the Fowler Hotel from Holt Hotel Company.

8. On or about September 4, 1959, Van Orman, pursuant to contract with Fowler Hotel, Inc. took over the management of the Fowler Hotel and since that date has operated said hotel with its own employees.

9. On April 26, 1956, a consent representation election was conducted by the Indiana State Division of Labor of all employees named on a list agreed to by the Holt Hotel Company and the respondent Union. Thirty-four employees voted for and eighteen voted against the respondent out of a total of fifty-four eligible voters.

10. On June 1, 1956 Holt Hotel Company and respondent entered into a collective bargaining agreement wherein the employer recognized the respondent as "the sole and exclusive bargaining agent for all employees" except certain managerial personnel and bartenders. The contract provided that it should continue until May 31, 1958 and thereafter from year to year unless either party gave at least 30 days notice prior to any yearly period to the other party of an intention to modify or terminate the agreement.

11. On April 21, 1958, respondent notified the manager of the Fowler Hotel that Local Union No. 58 wished to negotiate a new agreement upon the termination of the existing contract on May 31, 1958.

12. On June 3, 1958, the Holt Hotel Company and the respondent agreed that the then existing contract would continue in effect until August 31, 1958, at which time the Union would negotiate a contract with the successor employer if a sale had been made. If not, Holt Hotel Company agreed to negotiate a new agreement with respondent Union.

13. The new owner, Fowler Hotel, Inc., after assuming control in July, 1958, refused to meet with representatives of respondent Union to negotiate an agreement, which refusal ultimately led to a strike by some of the hotel's employees in October, 1958.

14. This strike has continued without interruption to the present time, although some of the original strikers have secured temporary or permanent employment elsewhere.

15. After Van Orman assumed control of the Fowler Hotel on September 4, 1959, respondent made a demand for recognition and negotiation of a contract. The demand was refused.

16. The respondent has picketed the Fowler Hotel continuously since October 1958 and continues to so picket in support of its demands for recognition and bargaining.

17. The pickets have carried and displayed signs on which the words "On strike" and "On strike for renewal of our Union contract" were displayed.

18. No petition for certification under Section 9(c) of the Act, 29 U.S.C.A. § 159(c), has been filed by the respondent.

19. No charge has been filed with the Board under Section 8(a) (2) of the Act alleging that Van Orman has unlawfully recognized or assisted any labor organization.

20. There is no evidence that any person has been induced not to pick up, deliver or transport any goods or not to perform any services for the employer. All the evidence is to the contrary.

Opinion.

Respondent contends that (1) the facts of this case came within the second proviso of Section 8(b) (7) (C) of the Act, and (2) it is currently certified as the representative of the Fowler Hotel employees. For these reasons it argues the Court cannot find that it is engaging in an unfair labor practice in violation of the Act.

■ With regard to the first contention, it is petitioner's position that the proviso has no application where "an object" of the picketing is recognition or bargaining and is carried on under circumstances proscribed by Section 8(b)(7). I do not so interpret the statute. I think subparagraph (C) means that although "an object" of picketing may be bargaining, as it admittedly is in this case, it is immunized from the statute if "the purpose" of such picketing is also truthfully to inform the public that the employer does not have a contract with the union and further if the picketing does not curtail picking up, delivery or transportation of goods or the performance of services. It is difficult, if not impossible, to imagine any kind of informational picketing pertaining to an employer's failure or refusal to employ union members or to have a collective bargaining agreement where another object of such picketing would not be ultimate union recognition or bargaining. In most instances certainly the aim of such informational picketing could only be to bring economic pressure upon the employer to recognize and bargain with the labor organization. To adopt petitioner's interpretation of subparagraph (C) would make the second proviso entirely meaningless.

The only inference that can be drawn from the words on the picket signs is that Van Orman does not have a contract with Local 58. This is a truthful representation directed to the public. The evidence is clear that throughout the period of the picketing no one has refused to pick up, deliver or transport any goods or perform any services to the hotel. Accordingly, the proviso as interpreted prevents a determination that the respondent is engaging in an unfair labor practice.

■ As to respondent's second contention, the cases of Bluefield Produce and Provision Co., 117 N.L.R.B. No. 215 (1957) and Olin Mathieson Chemical Corp., 115 N.L.R.B. 1501 (1956) are pertinent. There the employers had refused to bargain with state-certified labor organizations. The Board, in finding the employers guilty of unfair practices, held that where a labor organization is certified by a state agency, such certification will be accorded the same status as a certification by the Board. I think a similar view must be taken where the charge is under Section 8(b)(7) of the Act.

There is nothing to indicate that the election conducted by the Indiana State Division of Labor was not a fair and impartial one. Local 58 won the election nearly two to one. The Holt Hotel Company, predecessor of the present owner and managing company, agreed to recognize the respondent as the representative of the hotel employees. The fact that there has been a change in the ownership of the hotel is immaterial to the question involved.

■ It is my view that Section 8(b)(7)(C), which requires the filing of a 9(c) petition within a reasonable time not to exceed thirty days from the commencement of picketing is inapplicable to the situation here. Otherwise, the Act would serve as a trap for a labor organization in circumstances such as exist in this case. A 9(c) proceeding, if presently held, would not include the employees who are on strike or who have found other employment. Yet a Board election on this basis would be patently unfair to the respondent and its members. This case must be viewed in the context of the happenings which took place before the enactment of the Griffin-Landrum Act, 29 U.S.C.A. § 401 et seq. The present situation cannot be isolated from what has gone on before. Were any other view adopted, the result would work a grave injustice.

Because of the aforesaid reasons, I feel impelled to deny the petitioner's request for a temporary injunction.

Conclusions of Law.

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding.

2. Respondent Local 58 is a labor organization within the meaning of Sec-

tions 2(5), 8(b) and 10(*l*) of the Act, 29 U.S.C.A. §§ 152(5), 158(b), and 160(*l*).

3. Van Orman is engaged in commerce within the meaning of Section 2 (6) and (7) of the Act.

4. Respondent has not engaged in unfair labor practices within the meaning of Section 8(b) (7), subparagraph (C), of the Act, affecting commerce within the meaning of Sections 2(6) and (7) of the Act.

5. A temporary injunction should be denied.