Salvatore COSENTINO, Regional Director of the Fourteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

LOCAL 618, AUTOMOTIVE, PETROLEUM & ALLIED INDUSTRIES EMPLOYEES UNION, affiliated with International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Respondent.

No. 60 C 308(2).

United States District Court
E. D. Missouri, E. D.

Nov. 2, 1960.

unfair labor practice within Section 8(b) (7) (C) of the Act prescribing certain recognitional and organizational picketing. The evidence discloses the court has jurisdiction in this case.

The sole question left for determination by this court is whether or not there was reasonable cause to believe that a violation of the act as set out in the complaint has been committed. Douds v. Milk Drivers & Dairy Employees Union, 2 Cir., 248 F.2d 534. The parties apparently agree that Section 8(b) (7) (C) prescribes only picketing which has as an object either the forcing or requiring of an employer to recognize or bargain with a labor organization as the representative of his employees, or forcing or requiring the employees of an employer to accept or select such labor organization as their collective bargaining representative, and that no other proviso of the section takes effect to define a violation in this case unless one of these objects exists. Respondent presented no affirmative evidence of any other purpose, but the questions on cross-examination of petitioner's witnesses suggested the purpose of informational picketing.

█ Certainly, if · the picketing was informational only, no violation could result. Getreu v. Bartenders Union, D.C., 181 F.Supp. 738, 45 L.R.R.M. 2496; McLeod v. Chefs, Local 89, 2 Cir., 286 F.2d 727, 46 L.R.R.M. 2577. The courts make a distinction between the ultimate object and the immediate object of picketing, recognizing that even protest or informational picketing seek a change of conditions which are the subjects of organized bargaining. Getreu v. Bartenders Union, supra; Brown, etc., v. Department Store Employees, D.C., 187 F.Supp. 619, 46 L.R.R.M. 2439.

█ In this proceeding for a temporary injunction, the evidence indicates that the picketing of Charlie's Car Wash and Service was more than informational. While the previous contacts to gain a union contract would not alone be sufficient to give rise to a reasonable belief that the picketing since early July consti-

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Winthrop A. Johns, Asst. Gen. Counsel, Julius G. Serot, Deputy Asst. Gen. Counsel, Washington, D. C., Harry G. Carlson, Regional Atty. (Reg. 14); John S. Stevens, Albert M. Horn, Attys., N. L. R. B., St. Louis, Mo., for plaintiff.

Wiley, Craig, Armbruster & Wilburn, St. Louis, Mo., for defendants.

HARPER, Chief Judge.

This is a proceeding brought by the Regional Director pursuant to Section 10(*l*) of the National Labor Relations Act, for a temporary injunction enjoining a picket by respondent of Charlie's Car Wash and Service pending a final hearing before the Board of charges that respondent has and is engaged in an

tuted an unfair labor practice with other evidence presented, it appears reasonable to believe that the picketing was directed at one of the prescribed objects in 8(b)(7)(C). Informational picketing would not necessitate calls to union customers of the picketed establishment reminding them they were "expected to respect the picket". It would not require explicit instructions "*not* to take license numbers of neighboring establishments." There is evidence on which to found a reasonable belief that an attempt was made to discourage pick-ups and deliveries by methods beyond reliance on sympathy with the union cause, and the evidence shows that pick-ups and deliveries did cease in a number of instances essential to the business. The evidence is in dispute as to whether there was, at the time of the picket, a direct approach to the employees to enlist them in the organization, although it is clear that the union had obtained in January, 1960, consent cards of a number of employees and had sought organization two and one-half years ago. The evidence as a whole supports a reasonable belief that an object, not merely an ultimate object as might be inherent in all picketing, was either to force or require acceptance by Charlie's of the union as a bargaining representative, or to force or require organization of the employees.

Respondent further suggests that petitioner is not entitled to injunctive relief where there is evidence that Charlie's may have committed an unfair labor practice, in that Charles Schmitt, one of the partners, threatened to "lay off" employees who joined a union. Section 10($l$) specifically provides that a violation of Section 8(a)(2) filed with the Board will be a defense to temporary injunction. This has been construed to be the only employer violation which is a defense to the Board's request for injunction. Greene v. International Typographical Union, D.C., 182 F.Supp. 788. One of the major purposes of the section allowing injunctive relief, protection of the public interest requiring unobstructed flow of interstate commerce, would be nullified by an interpretation which would allow as a defense to injunction any charge against the employer, particularly an unfiled charge which comes within the Board's jurisdiction.

Accordingly, the court is going to grant the temporary injunction sought, and is today signing the findings of fact, conclusions of law and order submitted by the petitioner.